Barre v. Pease Dev. Auth.                    CV-97-253-SD   7/6/98

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Robert Barre, et al

    v.                                    Civil No. 97-253-SD

Pease Development Authority, et al


                              O R D E R

    The plaintiffs Robert Barre, James Freeman, Thomas Smith,

and George Kathios, proceeding pro se, brought this action

complaining about the termination of their employment against

defendants Pease Development Authority and the New Hampshire

Commission for Human Rights.  Currently before the court is

defendants' partial motion to dismiss, to which plaintiffs

object.


                             Background

    Plaintiffs all worked for the Pease Development Authority

(PDA), a state agency created pursuant to New Hampshire Revised

Statutes Annotated (RSA) 12-G.  In September 1993, the PDA

terminated plaintiffs, along with six other employees, as part of

a reduction in force.  All four plaintiffs filed charges with the

New Hampshire Commission for Human Rights (the Commission)

alleging age discrimination.  The plaintiffs' Charges of

Discrimination[1] with the Commission reveal that when plaintiffs were discharged, Barre was forty-eight years old, Freeman was forty-five, and Smith and Kathios were thirty-five and thirty-eight respectively.[2]  Freeman, Smith, and Barre have also alleged disability discrimination based on hearing loss and diabetes, a hip operation, and partial blindness, respectively.  Plaintiffs apparently retained counsel, who subsequently amended their complaints.  The substance of their allegations, however, remained unchanged.

After receiving unfavorable decisions from the Commission, plaintiffs requested that the Commission reopen their cases.  The Commission, however, denied their requests on July 23, 1996.  Plaintiffs appear to have received right-to-sue letters from the EEOC on April 17, 1997,[3] and they filed this action on May 19,

---

[1]Plaintiffs incorporate the Charges of Discrimination by reference and refer to them as Exhibit A, but only one is attached to the complaint.  Defendants have attached all four Charges to their motion to dismiss.

[2] Kathios's Charge of Discrimination states in the body that he was thirty-eight years old; however, his birthday is listed as June 24, 1935.  On the top of the form his birthday is shown as June 24, 1955, and the court assumes this to be the correct date, since it would make him thirty-eight.  Smith's charge indicates that he was thirty-eight years of age, but states that his birthday is January 30, 1958, which would have made him thirty-five at the time of his discharge.  Because Kathios and Smith have not alleged they were over forty when discharged, the court has assumed they were under forty.  If the dates on their charges are incorrect, however, plaintiffs remain free to request leave to amend their complaint to include such an allegation.

[3] The record before the court only includes Freeman's right-to-sue letter.

2

1997.  Their complaint contains allegations of age and disability discrimination, but the only law it refers to is RSA 354-A.

## Discussion

### 1. Standard of Review

When a court is presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P. 12, "its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears '"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))).

### 2. Claims Against the Commission

The state asks the court to dismiss all claims against the Commission.  Plaintiffs' complaints against the Commission attack its decision-making process and final decision.  Specifically, plaintiffs allege, "For approximately 2 years the Commission took little or no action on the plaintiffs complaint," "the Plaintiffs were denied their due process rights to the opportunity for a

3

full and fair hearing on their complaint," and "the findings and conclusions contained in the decision of the commission are unsubstantiated by the evidence, ignore inconsistencies in the evidence and arguments submitted by the defendant, are against the evidence, the law, and against the weight of the evidence." Complaint ¶¶ 3, 8, 10, 11. Plaintiffs' complaint does not allege discrimination by the Commission. It seeks judicial review of the Commission's decision and alleges that the Commission violated plaintiffs' due process rights. Thus the court will limit its consideration to these claims.

The court agrees with defendants that the proper forum for judicial review of the Commission's decision is the New Hampshire state court. New Hampshire RSA 354-A:22, I, provides that "[a]ny complainant . . . may obtain judicial review of [an] order [of the Commission] . . . in a proceeding as provided in this section. Such proceeding shall be brought in the superior court of the state . . . ." Furthermore, plaintiffs' request for judicial review is moot because RSA 354-A:22, V, also provides that "[i]f the complainant brings an action in federal court arising out of the same claims of discrimination which formed the basis of an order or decision of the commission, such order or decision shall be vacated . . . ." Thus the Commission's decision has been vacated automatically.

Defendants argue that to the extent plaintiffs attempt to state a claim under 42 U.S.C. § 1983 for a violation of their rights to due process, such claims cannot be brought against the

4

Commission as an agency of the state. "Under 42 U.S.C. § 1983, an aggrieved individual may sue persons who, acting under color of state law, abridge rights, immunities, or privileges created by the Constitution or laws of the United States. It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991) (internal citation omitted) (holding Mass. Commission Against Discrimination could not be sued under § 1983), cert. denied, 502 U.S. 1063 (1992). Thus plaintiffs' allegation that the Commission violated their due process rights fails to state a claim upon which relief may be granted, and all claims against the Commission must be dismissed.

3. Claims Against Pease Development Authority

    a. State Claims

    Plaintiffs allege the PDA violated the New Hampshire Law Against Discrimination, RSA 354-A, by terminating their employment. Although that statute prohibits the types of discrimination alleged, it is well established that it does not provide a cause of action in federal court. See Lowry v. Cabletron Systems, Inc., 973 F. Supp. 77, 82 (D.N.H. 1997). As this court has previously noted, individuals "are limited to 'seeking relief through the administrative process created by the statute and to obtaining judicial review of the results thereof

5

in state court.'" Id. (quoting Tsetseranos v. Tech Prototype, Inc., 893 F. Supp. 109, 120 (D.N.H. 1995)).

Defendants argue that to the extent plaintiffs' complaint contains other claims based on state law, such claims are barred by sovereign immunity. The court agrees. The Eleventh Amendment states:

> The Judicial power of the United States shall
> not be construed to extend to any suit in law or
> equity, commenced or prosecuted against one of the
> United States by Citizens of another State, or by
> Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The principle of sovereign immunity also "prevents a federal district court from asserting jurisdiction over a private suit brought by a litigant against his or her own state without the state's consent." State Employees' Ass'n v. Lang, 682 F. Supp. 660, 663 (D.N.H. 1988). Absent state consent or waiver, or "unmistakably clear" Congressional override, none of which is indicated here, sovereign immunity bars awarding private parties compensatory monetary relief, punitive damages, equitable restitution, or any such retroactive remedy which is payable from the state treasury. See Edelman v. Jordan, 415 U.S. 651, 668-69 (1974); Ramirez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983). In this case, although the state has waived immunity to tort claims in its own courts, "'a state's waiver of the Eleventh Amendment immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.'" State Employees' Ass'n, supra, 682 F. Supp. at 664 (quoting Penhurst State School & Hosp. v. Halderman, 465 U.S. 89,

6

99 (1984)). Thus this court does not have jurisdiction over plaintiffs' state law claims.

        b. Federal Claims

        Although plaintiffs do not refer to any federal statute, their allegations of discrimination are most easily construed as claims under federal anti-discrimination statutes such as the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, the Age Discrimination in Employment Act (ADEA),[4] 29 U.S.C. § 623, and the Civil Rights Act (Title VII), 42 U.S.C. § 2000e-2. Defendants argue that Smith and Kathios have not stated a claim under the ADEA and that none of the plaintiffs have properly stated a claim of sex discrimination under Title VII. Although plaintiffs' complaint alleges that all the terminated employees were men, they have indicated in their opposition to defendants' motion that they are not attempting to assert a claim of sex discrimination under Title VII. Thus the court need only examine defendants' arguments for dismissal of the ADEA claims of Smith and Kathios.

        To survive a motion to dismiss, a plaintiff must plead facts sufficient to establish each element of the claim. Under the ADEA, a plaintiff eliminated in a reduction of force establishes a prima facie case by demonstrating that he or she "'(1) was at

_____

        [4] Defendants argue that the complaint does not state a claim under the Federal Age Discrimination Act, 42 U.S.C. § 6101, et seq. The court finds that plaintiffs' age discrimination claim is more properly construed as a claim under the ADEA.

7

least forty years of age, (2) met the employer's legitimate job performance expectations, (3) experienced adverse employment action, and' . . . (4) the plaintiff may demonstrate either that 'the employer did not treat age neutrally or that younger persons were retained in the same position.'" LeBlanc v. Great American Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993) (quoting Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1111 (1st Cir. 1989); Goldman v. First Nat'l Bank, 985 F.2d 1113, 1117 (1st Cir. 1983)), cert. denied, 511 U.S. 1018 (1994).

In this case, plaintiffs' complaint fails to allege that they were over forty years of age when terminated. Plaintiffs' charges with the Commission, which were incorporated by reference in the complaint, however, reveal that Freeman and Barre were over age forty at the time of dismissal, but Smith and Kathios were under the age of forty. Thus, while Freeman and Barre have stated a claim under the ADEA, Smith and Kathios have not.

Plaintiffs' complaint also appears to allege that PDA violated their due process rights. See Complaint ¶ 8. However, to the extent plaintiffs attempt to assert a claim under section 1983, such claim stands on the same footing as plaintiffs' section 1983 claim against the Commission. As discussed above, because the PDA is an arm of the state, it cannot be sued under section 1983.

## Conclusion

For the abovementioned reasons, defendants' partial motion to dismiss is granted. The court concludes that Freeman, Smith, and Barre have stated claims under the ADA and that plaintiffs Freeman and Barre state claims under the ADEA. All other claims are hereby dismissed.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 6, 1998
cc:  James Freeman, pro se
     Robert Barre, pro se
     George Kathios, pro se
     Thomas Smith, pro se
     Martha A. Moore, Esq.